UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARY GREENBURG,<br><br>               Plaintiff,<br><br>   v.<br><br>RED ROBIN INTERNATIONAL, INC., a Nevada corporation; and KRISTA COLEMAN, individually,<br><br>               Defendants. | NO. _____<br><br>COMPLAINT<br><br>\* \* \* **JURY DEMAND** \* \* \* |

Plaintiff Gary Greenburg, by and through his undersigned attorneys, for his complaint against Defendants Red Robin International, Inc. and Krista Coleman, alleges as follows:

### I.    PARTIES

1.1.    Plaintiff Gary Greenburg ("Greenburg" or "Plaintiff") is and was at all relevant times a resident of King County, Washington. He is a thirty-six-year-old Asian-American, and his sexual orientation is homosexual.

1.2.    Defendant Red Robin International, Inc. ("Red Robin") is a Nevada corporation, with its corporate offices in Reno, Nevada. Red Robin does business operating restaurants

COMPLAINT - 1 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

throughout Washington, including in Western Washington. Red Robin was Plaintiff's employer in Washington at all relevant times herein.

1.3   Defendant Krista Coleman ("Coleman") is believed to be a resident of Skagit County, Washington. She is, and was at all relevant times, the General Manager of Red Robin's restaurant in Bonney Lake, Washington. The acts alleged herein by Coleman were done in the scope of her employment. At all relevant times, she was Plaintiff's "supervisor" and "manager" under federal and Washington State anti-discrimination law. She perpetrated, participated in, aided, abetted, encouraged, or incited discriminatory and retaliatory conduct against Plaintiff in violation of federal and Washington State anti-discrimination law, and she is personally liable for such violations of law.

## II.   JURISDICTION & VENUE

2.1.   Plaintiff alleges federal claims against Defendant Red Robin under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e *et seq.*; and the Civil Rights Act of 1991, *as amended*. Plaintiff also alleges federal claims against Defendant Red Robin and Defendant Coleman under the Civil Rights Act of 1866, *as amended*, 42 U.S.C. § 1981.

2.2.   Plaintiff alleges state claims against Defendant Red Robin and Defendant Coleman under Washington Law Against Discrimination, chapter 49.60 RCW, and Washington's statutory and common law.

2.3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which grants district court jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

COMPLAINT - 2 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

1-26 in left margin

2.4. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343(a)(4), which grants district court jurisdiction over any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

2.5. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a) because those claims arise out of the same case or controversy as the federal claims.

2.6. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant Red Robin and Defendant Coleman are residents of the Western District of Washington and the events giving rise to Plaintiff's claims occurred in the Western District of Washington. The claims asserted herein arose primarily in Pierce County, Washington.

### III.   STATEMENT OF FACTS

3.1. Red Robin hired Gary Greenburg as a server in early 2014, and Greenburg worked at Red Robin's restaurant in Renton, Washington.

3.2. Based on his demonstrated leadership ability, Red Robin made Greenburg a Certified Leadership Coach approximately six months after it hired him.

3.3. Red Robin then made Greenburg a Lead Certified Leadership Coach approximately six months later, and it placed him in charge of the Certified Leadership Coach program at the restaurant in Renton, Washington.

3.4. As Lead Certified Leadership Coach, Greenburg trained new employees, created and published a monthly newsletter called the Red Robin Roundup, assisted in hiring new serving staff, and performed other managerial duties.

3.5. Red Robin then made Greenburg its Northwest Community Ambassador in about mid-2016. In that role, Greenburg worked with local community leaders, political

COMPLAINT - 3 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

officials, news agencies, schools, businesses, and restaurants to implement and increase awareness of Red Robin's Burgers for Better Schools program. Greenburg performed other sales and marketing duties as well, and was a hard-working, dedicated, and capable employee.

3.6. Greenburg performed exceptionally well as Northwest Community Ambassador. The position was to last only three months, but Greenburg did such a good job Red Robin extended that period to six months. Many members of Red Robin's management praised Greenburg's good work, including his immediate supervisor Marketing Coordinator Jordan Russell, former Associate Marketing Manager Paul Tappon, Regional Operations Director Shane Plant, Regional Operations Director Matthew Distler, Regional Operations Director Craig Ollis, Regional Vice President of Operations Tim Mei, General Manager James Keegan, and others.

3.7. Red Robin sought to promote Greenburg to Assistant Manager in about March 2017, placing him in Red Robin's eight-week Manager in Training Program at Red Robin's restaurant in Covington, Washington.

3.8. Greenburg performed remarkably well in the Manager in Training Program. He passed all tests and met all other training requirements. Along with other managers, Regional Operations Director Shane Plant complimented Greenburg on his ability, told him he was "going to be amazing" at his new job, and expressed excitement about him becoming a restaurant manager. Managers at the Covington restaurant commended Greenburg many times and told him he was doing a good job. Indeed, the General Manager at the Covington restaurant, Chris Cox, told Greenburg that he would be "an asset" to whichever restaurant Red Robin assigned him to work after his training, that any restaurant would be "lucky" to have him as an Assistant Manager, and that it was "a pleasure" working with Greenburg.

COMPLAINT - 4 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

3.9.   Toward the end of the Manager in Training Program, an Assistant General Manager from Red Robin's Issaquah restaurant named Brandon told Greenburg that Marilee Smith, a high-ranking Human Resources Manager, had said in the workplace that she "did not want to hear any of that nigger music." The manager repeating Smith's comment laughed and joked about it. Greenburg was appalled. And, a short time later, an employee at the Covington restaurant referred to President Obama as a "nigger." Greenburg reported that comment to management.

3.10.   Greenburg became an Assistant Manager after completing the Manager in Training Program, and he began his new job on about April 25, 2017, at the Red Robin restaurant in Bonney Lake, Washington. His immediate supervisor was Krista Coleman, the restaurant's General Manager.

3.11.   When new assistant managers start at a new restaurant, Red Robin's standard practice is to have them learn about the operation and management of that restaurant by spending their first, so-called "transition" week following or shadowing the General Manager of that restaurant. Coleman had Greenburg spend his transition week with various managers at the restaurant: two days with Coleman, and three days with others. Coleman did not work at the restaurant on the last day of Greenburg's transition week.

3.12.   On about his second day at the Bonney Lake restaurant, Greenburg told Coleman about the "nigger music" comment attributed to Smith, an HR leader, explaining how that comment affected him, and informing Coleman that he is uncomfortable working for a company that allows racist commentary in the workplace. Coleman defended Smith. She smiled, smugly, and said Smith is her friend.

COMPLAINT - 5 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

3.13.   Coleman changed her attitude toward Greenburg after his report about Smith. She became cold, unfriendly, and standoffish with Greenburg.  She was short and terse with him, ignored him at times, treated him rudely at other times, and she acted as if he was a bother and a nuisance.  She criticized and denigrated employees who reported to Human Resources about issues in her restaurant.  She told Greenburg that other restaurant employees were a "problem" because they made complaints to Human Resources, referring to one employee as "Mrs. HR."

3.14.   Greenburg did not hide the fact he is homosexual; employees knew he is gay. When several kitchen workers called him "Sir," he asked them not to and asked them to use his name instead.  Nick Anthony, a cook, commented along the lines of, "Well, if we can't call you Sir, we'll call you Princess."  Greenburg said "no," told Anthony not to call him "Princess," and said if he did, they would have an issue.  Kitchen workers laughed and joked about Greenburg being called "Princess."  They made other derogatory comments about Greenburg being gay and comments based on sexual orientation stereotypes.  They called him "Fairy Gary."  They called him "faggot."  The jokes and name-calling were becoming a pattern.

3.15.   Greenburg took a pre-approved vacation after his first five days at the Bonney Lake restaurant—the first vacation he had since he started with Red Robin in 2014.  He returned on about May 6, 2017.

3.16.   On about May 8, 2017, another employee told Greenburg that a kitchen worker was making jokes to others at Greenburg's expense, referring to him as "Fairy Gary." Greenburg reported that to Coleman.

3.17.   Coleman did not take any investigatory or remedial action.  She confirmed the identity of the employee who told Greenburg about the "Fairy Gary" comment, and she said

COMPLAINT - 6 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

something to the effect of, "Well, she likes to call HR a lot, too, and complain about things." She then told Greenburg not to worry about it. She took no further action.

3.18. On May 9, 2017, Coleman fired Greenburg out of the blue, on his ninth day working in the restaurant. He had never been disciplined or even coached about any performance deficiency—either by Coleman or by anyone else since Greenburg began working for Red Robin in 2014. Greenburg was a brand-new Assistant Manager, performed well in all his past work and trainings, and performed well in his new position. The termination letter, dated May 9, 2017, states several reasons for his termination, which are incorrect or false, and a pretext for his firing.

3.19. At all relevant times during his employment, Red Robin did not allow Greenburg a paid rest break of at least ten (10) minutes for each four (4) hours he worked at the Renton, Covington, and Bonney Lake restaurants.

3.20. At all relevant times, Red Robin also routinely failed to provide Greenburg with lunch breaks of at least thirty minutes when he worked more than a five-hour shift at the Renton, Covington, and Bonney Lake restaurants.

### IV.   FIRST CAUSE OF ACTION
### AGAINST DEFENDANT RED ROBIN
### FOR RETALIATION
### IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

4.1. Plaintiff realleges above paragraphs 1.1 through 3.20.

4.2. Defendant Red Robin retaliated against Plaintiff for opposing and reporting wrongful conduct and making complaints about discriminatory behavior based on race and sex, in violation of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e et seq.

COMPLAINT - 7 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

4.3. As a result and proximate cause of Defendant Red Robin's conduct, Plaintiff has been injured and damaged in an amount to be proven at trial, for which he is entitled to recover all his actual and compensatory, economic and non-economic, special and general damages.

4.4. Plaintiff is further entitled to an award for his costs, litigation expenses, and reasonable attorneys' fees against Defendant Red Robin.

4.5. The conduct, acts, and/or omissions of Defendant Red Robin constitute willful, deliberate, reckless, or callous indifference to and/or reckless disregard for the civil rights of Plaintiff, and/or arose from ill will, malice, evil motive or intent, giving rise to an award of punitive damages against Defendant Red Robin.

## V. SECOND CAUSE OF ACTION
### AGAINST DEFENDANT RED ROBIN AND DEFENDANT KRISTA COLEMAN FOR RETALIATION IN VIOLATION OF 42. U.S.C § 1981 OF THE CIVIL RIGHTS ACT OF 1866

5.1. Plaintiff realleges above paragraphs 1.1 through 3.20.

5.2. Defendant Red Robin and Defendant Coleman retaliated against Plaintiff for opposing and reporting wrongful conduct and making complaints about discriminatory behavior based on race, in violation of the Civil Rights Act of 1866, *as amended*, 42 U.S.C. § 1981.

5.3. As a result and proximate cause of Defendant Red Robin's and Defendant Coleman's conduct, Plaintiff has been injured and damaged in an amount to be proven at trial, for which he is entitled to recover all his actual and compensatory, economic and non-economic, special and general damages.

5.4. Plaintiff is further entitled to an award for his costs, litigation expenses, and reasonable attorneys' fees against Defendants.

COMPLAINT - 8 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

5.5.   The conduct, acts, and/or omissions of Defendant Red Robin and Defendant Coleman constitute willful, deliberate, reckless, or callous indifference to and/or reckless disregard for the civil rights of Plaintiff, and/or arose from ill will, malice, evil motive or intent, giving rise to an award of punitive damages against Defendants.

### VI.   THIRD CAUSE OF ACTION
### AGAINST DEFENDANT RED ROBIN AND DEFENDANT KRISTA COLEMAN FOR WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

6.1.   Plaintiff realleges above paragraphs 1.1 through 3.20.

6.2.   Washington law, including RCW 49.60, recognizes a clear public policy against discrimination, in all its forms, on the basis of race and sexual orientation.

6.3.   In making his reports to Defendant Coleman, Plaintiff was opposing what he believed to be conduct that violated the public policy of Washington.

6.4.   A substantial factor in Defendant Red Robin's and Defendant Coleman's decision to discharge Plaintiff from employment was Plaintiff's opposition to what he believed to be conduct in violation of the public policy of Washington.

6.5.   As a result and proximate cause of the conduct of Defendant Red Robin and Defendant Coleman, Plaintiff has been injured and damaged in an amount to be proven at trial, for which he is entitled to recover all his actual and compensatory, economic and non-economic, special and general damages.

6.6.   Plaintiff is further entitled to an award for his costs, litigation expenses, and reasonable attorneys' fees.

COMPLAINT - 9 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

### VII. FOURTH CAUSE OF ACTION
### AGAINST DEFENDANT RED ROBIN AND DEFENDANT KRISTA COLEMAN
### FOR RETALIATION
### IN VIOLATION OF WASHINGTON LAW AGAINST DISCRIMINATION

7.1. Plaintiff realleges above paragraphs 1.1 through 3.20.

7.2. Defendant Red Robin and Defendant Coleman retaliated against Plaintiff for opposing and reporting wrongful conduct and making complaints about discriminatory behavior on the basis of race and sexual orientation, in violation of Washington Law Against Discrimination, chapter 49.60 RCW. Defendant Coleman perpetrated, participated in, aided, abetted, encouraged, or incited retaliatory conduct against Plaintiff, in violation of Washington Law Against Discrimination, chapter 49.60 RCW.

7.3. As a result and proximate cause of Defendant Red Robin's and Defendant Coleman's conduct, Plaintiff has been injured and damaged in an amount to be proven at trial, for which he is entitled to recover all his actual and compensatory, economic and non-economic, special and general damages.

7.4. Plaintiff is further entitled to an award for his costs, litigation expenses, and reasonable attorneys' fees.

### VIII. FIFTH CAUSE OF ACTION
### AGAINST DEFENDANT RED ROBIN
### FOR FAILURE TO PROVIDE MEAL AND REST BREAKS,
### AND WILLFUL FAILURE TO PAY WAGES
### IN VIOLATION OF RCW 49.12.020, WAC 296-126-092, AND RCW 49.52.050

8.1. Plaintiff realleges above paragraphs 1.1 through 3.20.

8.2. Defendant Red Robin willfully failed to provide Plaintiff with rest and meal breaks as required by law, and willfully deprived Plaintiff of part of his wages.

COMPLAINT - 10 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

8.3. RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.4. RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.5. Pursuant to RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees. WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts. WAC 296-126-092 further provides that employees shall be allowed certain meal periods during their shifts.

8.6. Pursuant to RCW 49.52.050(2), it is unlawful for any employer to willfully and with intent to deprive an employee of any part of his or her wages. Violating WAC 296-126-092 is a wage violation.

8.7. The acts and conduct of Defendant Red Robin as alleged herein constitutes a failure to comply with state law concerning mandatory rest and meal breaks as required by RCW 49.12.020 and WAC 296-126-092, and a willful failure to pay wages in violation of RCW 49.52.050, for which Defendant is liable.

8.8. As a result and proximate cause of Defendant's actions, Plaintiff has been deprived of compensation in amounts to be proven at trial, and Plaintiff is entitled to recover such damages, including interest thereon, as well as attorneys' fees under RCW 49.48.030, exemplary damages under RCW 49.52.070, and costs.

COMPLAINT - 11 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310

## IX. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

A. For award and entry of judgment against Defendant Red Robin and Defendant Coleman for all actual damages, including past and future compensatory, economic, non-economic, special, and general damages, and for pre-judgment interest on liquidated amounts as allowed by state and federal law;

B. For a post-verdict award for an enhanced amount to offset additional federal tax consequences;

C. For award and entry of judgment against Defendant Red Robin for punitive damages as allowed by federal law;

D. For entry of injunctive relief against Defendant Red Robin to ensure compliance with federal and state anti-discrimination law, including training, monitoring, oversight by an appropriate agency or individual, or as otherwise deemed necessary by the Court;

E. For award and entry of judgment against Defendant Red Robin and Defendant Coleman for all costs, litigation expenses, and reasonable attorneys' fees as allowed by federal and state law;

F. For award and entry of judgment against Defendant Red Robin for exemplary damages under RCW 49.52.070 for willfully withholding wages; and

G. For such further relief this Court deems just and equitable.

/ / /

/ / /

/ / /

/ / /

COMPLAINT - 12 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON 98004
(425) 623-1300 - FACSIMILE (425) 623-1310

1   DATED this 18th day of December, 2017.

2

3                                       By: s/ Benjamin P. Compton
                                        By: s/ Victoria L. Vreeland
4
                                        Benjamin P. Compton, WSBA No. 44567
5                                       Victoria L. Vreeland, WSBA No. 08046
                                        VREELAND LAW PLLC
6                                       500 108th Avenue NE, Suite 740
                                        Bellevue, WA  98004
7                                       Telephone: (425) 623-1300
                                        Fax: (425) 623-1310
8                                       E-mail: ben@vreeland-law.com
                                                vicky@vreeland-law.com
9

10                                      Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

COMPLAINT - 13 of 13
{2235.01 - 00057716}

VREELAND LAW PLLC
CITY CENTER BELLEVUE
500 108TH AVENUE NE, SUITE 740
BELLEVUE, WASHINGTON  98004
(425) 623-1300 - FACSIMILE (425) 623-1310