1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARY GREENBURG,

                        Plaintiff,

        v.

RED ROBIN INTERNATIONAL, INC,
and KRISTA COLEMAN,

                        Defendants.

CASE NO. C17-6052 BHS

ORDER GRANTING IN PART
AND DENYING IN PART
PLAINTIFF'S MOTION TO
QUASH

        This matter comes before the Court on Plaintiff Gary Greenburg's ("Greenburg")

motion for protective order to quash subpoenas *duces tecum* (Dkt. 10). The Court has

considered the pleadings filed in support of and in opposition to the motion and the

remainder of the file and hereby grants in part and denies in part the motion for the

reasons stated herein.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

        On December 18, 2018, Greenburg filed a complaint against Defendants Red

Robin International, Inc. ("Red Robin") and Krista Coleman for retaliation, wrongful

discharge, and failure to pay for wage and rest breaks.  Dkt. 1.

On March 29, 2018, Red Robin informed Greenburg of its intent to serve subpoenas *duces tecum* on Greenburg's former employers requesting any and all documents relating to Greenburg's employment. Dkt. 14 at 34–35. Specifically, Red Robin intends to seek documents regarding payroll/income and compensation records, employment applications, employment history, job description(s), employee evaluations and performance appraisals, attendance records, and disciplinary records, including any documentation relating to counseling or discipline. *See*, *e.g.*, Dkt. 14 at 60. Red Robin asserts that Greenburg objected only to Red Robin seeking payroll/income and compensation records. Dkt. 14 at 64–65 (email written by Greenburg's counsel summarizing meet and confer).

On April 11, 2018, Greenburg filed the instant motion requesting that the Court quash the subpoenas in total. Dkt. 10. On April 18, 2018, Red Robin responded. Dkt. 13. On April 15, 2018, Greenburg replied. Dkt. 15.

## II. DISCUSSION

### A. Meet and Confer

Every discovery motion must contain a certification that the parties met and conferred regarding the dispute. LCR 37(a)(1). Relying on Greenburg's counsel's email, Red Robin argues that Greenburg failed to meet and confer on all issues except the request for payroll and income records. Dkt. 13 at 7. Greenburg counters that, while the email did not specifically address all of the parties' disagreements, Greenburg objected to and the parties discussed each category of documents requested by Red Robin. Dkt. 15 at 2–3. Greenburg's counsel has submitted a declaration to support this position. Dkt. 16.

The Court declines to engage in fact finding inquiry on this issue and will accept counsel's declaration as sufficient evidence that the parties met and conferred on all issues presented.

**B.      Merits**

The parties essentially dispute the relevance of information from Greenburg's past and subsequent employers. "Generally, employment records from separate employers are not discoverable due to their highly private nature absent a specific showing by a defendant as to their relevance." *Paananen v. Cellco P'ship*, C08-1042 RSM, 2009 WL 2057048, at *3 (W.D. Wash. July 15, 2009) (citing *Woods v. Fresenius Med. Care Group of N.A.*, 2008 WL 151836, *1 (S.D.Ind. Jan.16, 2008); *Chamberlain v. Farmington Sav. Bank*, 2007 WL 2786421, *1 (D.Conn. 2007)).

In this case, Red Robin fails to make a specific showing of relevance as to the majority of information requested. For example, Red Robin asserts that these records "*may* . . . reveal that [Greenburg] has a pattern of asserting frivolous claims of discrimination." Dkt. 13 at 9. Red Robin, however, has failed to make any specific showing that Greenburg has filed any other discrimination complaint against any other employer. The Court declines to allow Red Robin's fishing expedition into Greenburg's private records based on a hypothetical that can be determined with a simple request for admission. If Greenburg admits that he has filed prior complaints, either formal or

informal, then Red Robin has evidence to make the required showing.[1]  In the absence of

such evidence, Red Robin has failed to meet its burden on the majority of its requests.

On the other hand, Greenburg has opened the door on emotional distress issues.  In

*Abu v. Piramco Sea-Tac Inc.*, C08-1167RSL, 2009 WL 279036 (W.D. Wash. Feb. 5,

2009), "Plaintiff contend[ed] that as a result of defendant's discriminatory treatment, she

suffered emotional distress, including a reduced ability to concentrate."  *Id.* at *2.  The

Court concluded that "plaintiff's subsequent attendance and ability to concentrate (as

reflected in her job performance) is relevant."  *Id.*  Applied to this case, Greenburg

contends that Greenburg subsequently worked at Taco Time and BJ's restaurant, but

shortly ended both jobs because of mental health issues resulting from Red Robin's

treatment and termination of Greenburg.  Dkt. 10 at 2–3.  Similar to *Abu*, the Court

concludes that attendance records as well as disciplinary records from these two

employers are relevant to Greenburg's emotional distress claim.  Accordingly, the Court

concludes that Red Robin is entitled to this information because Red Robin has shown

that this limited information is relevant to *actual* issues in this case.

Although the Court quashes the subpoenas as to the majority of materials

requested, nothing in this order precludes Red Robin from subsequently requesting

relevant information based on a showing of relevance to actual issues in this case.

---

[1] Greenburg appears to concede that he has made prior discrimination complaints to employers. Dkt. 15 at 7.  The concession, however, is made in Greenburg's reply and requires further investigation by Red Robin to confirm that such complaints were actually made before issuing subpoenas on third party employers.

# III. ORDER

Therefore, it is hereby **ORDERED** that Greenburg's motion to quash subpoenas *duces tecum* (Dkt. 10) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 23rd day of May, 2018.

BENJAMIN H. SETTLE
United States District Judge